# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA A. MARTIN-BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-349-M |
| | ) | |
| THE STATE OF OKLAHOMA, | ) | |
| *ex rel.* OKLAHOMA HEALTH | ) | |
| CARE AUTHORITY, and | ) | |
| KARA KEARNS, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's June 2014 trial docket.

Before the Court is Defendant Oklahoma Health Care Authority's ("OHCA") Motion to Dismiss, filed January 30, 2014. On February 20, 2014, plaintiff filed her response, and on February 27, 2014, OHCA filed its reply. Based on the parties' submissions the Court makes its determination.

I.  Background

Plaintiff, a 59 year old African-American female, was employed continuously by OHCA from on or about August 27, 2003 until she was terminated on June 6, 2012. On March 10, 2013, plaintiff filed this instant action alleging employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). On September 30, 2013, plaintiff filed her First Amended Complaint adding a state law claim for employment discrimination based upon age and race pursuant to the Oklahoma Anti-Discrimination Act, as amended, Okla. Stat. tit. 25, §§ 101 *et seq.* ("OADA") and a state law claim for tortious interference with employment against an additional named defendant Kara

1

Kearns ("Kearns"), an individual.[1] On January 9, 2014, plaintiff filed her Second Amended Complaint.[2]

## II. Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements

---

[1] Plaintiff has voluntarily dismissed her claims against defendant Kara Kearns [docket no. 33], and Mrs. Kerns has been dismissed without prejudice from this case.

[2] In the Court's December 30, 2013 Order, plaintiff was granted leave to file a second amended complaint in order to specifically allege facts regarding her Title VII and OADA claims.

of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Title VII Race Discrimination

Title VII provides:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

42 U.S.C. § 2000e-2(a)(1). To set forth a prima facie case of discrimination under Title VII, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. *See Khalik*, 671 F.3d at 1192 (internal citation omitted). OHCA asserts that plaintiff has failed to make a plausible claim for race discrimination, and plaintiff contends that she has set forth enough facts to establish a prima facie case of racial discrimination under Title VII.

Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a claim for race discrimination under Title VII. Specifically, plaintiff alleges she is a black 59 year-old woman that was qualified for her position as Senior Human Resources Coordinator at OHCA,

3

and that Kearns, as her supervisor, over-scrutinized her work performance, gave her a write up and suspension without pay, and ultimately terminated her because of her race. Plaintiff further alleges that Kearns refused to provide her assistance and training that was given to non-black co-workers and that plaintiff was treated differently upon her termination than Teri Dalton, a white female. Plaintiff alleges that despite Dalton having genuine performance problems, she was allowed to resign her employment, take early retirement, paid severance benefits, and was informed her unemployment would not be contested by OHCA, all of which plaintiff claims was not offered to her upon her termination. Sec. Amd. Compl. ¶ 23. The Court finds that while it may be conceivable that the alleged conduct by Kearns and OHCA was motivated by plaintiff's race, the racial discrimination claims plaintiff has set forth are not plausible, but are merely naked assertions devoid of further factual enhancement. Accordingly, the Court finds that plaintiff's Title VII claims should be dismissed.

B.   OADA Race and Age Discrimination

As the Title VII claim is no longer before the Court, and it was the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction of the remaining OADA claim and dismisses it without it prejudice pursuant to 28 U.S.C. § 1367(c).

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss [docket no. 49] as to plaintiff's Title VII race discrimination claim and DECLINES to entertain jurisdiction over plaintiff's Oklahoma Anti-Discrimination Act claim and DISMISSES it without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED this 11th day of April, 2014.**

4

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE